**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No. 1:21-cv-01088**

STEVEN C. HARRIS

    Plaintiff

**v**

AMERICAN FURNITURE WAREHOUSE COMPANY

    Defendant

**COMPLAINT AND JURY DEMAND**

Plaintiff, Steven C. Harris, by and through his attorney, The Law Firm of Beryl A. Williams, LLC hereby submits this Complaint against the above-named Defendant as follows:

**INTRODUCTION**

1. This is an employment discrimination suit brought by a former employee of American Furniture Warehouse Company, Inc. ("AFW") who was discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Plaintiff further asserts the following Colorado state law claims: wrongful termination, negligent infliction of emotional distress, and intentional infliction of emotional distress.

**PARTIES**

2. Plaintiff, Steven C. Harris, is a resident of the State of Colorado.

3. Defendant, AFW, is a Colorado corporation doing business in Colorado.

4. AFW's principal office is located at 8820 American Way, Centennial, Colorado 80112.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1343, in that this action arises under federal law, specifically Title VII. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), as the unlawful employment practices alleged herein were committed within this judicial district.

7. At all relevant times, Defendant, AFW, was within the definition of "employer" set forth in 42 U.S.C. §2000e(b) of Title VII.

8. The procedural prerequisites for the filing of this suit have been met: Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and received a Notice of Right to Sue letter.

## SPECIFIC ALLEGATIONS

9. AFW is a seller of furniture throughout the State of Colorado.

10. Plaintiff worked in a warehouse of AFW from which furniture is shipped.

11. Plaintiff was employed from November 1, 1998 until his unlawful termination in March 2020.

12. Plaintiff supervised 30 employees.

13. While employed by AFW Plaintiff did not have any major performance issues.

14. An employee of AFW reported to the human resources department that Plaintiff engaged in viewing pornographic material on Plaintiff's cell phone in the workplace.

15. The AFW employee responsible for human resources duties investigated based on the allegations.

16.  Although the investigation did not support the allegations, employee was terminated on March 26, 2020 for violation of AFW's sexual harassment policy.

17.  After termination Plaintiff applied for unemployment benefits and was denied benefits.

18.  Plaintiff appealed the denial of benefits and was successful upon appeal.

19.  Caucasian managers who were found to have engaged in viewing sexually explicit material and other inappropriate conduct in the workplace were either transferred and later promoted or allowed to resign.

## STATEMENT OF CLAIMS

### FIRST CLAIM FOR RELIEF
(Racial Discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended)

20.  The foregoing allegations are realigned and incorporated herein by reference.

21.  AFW subjected Plaintiff to less favorable terms and conditions of his employment based on race.  This treatment included terminating Plaintiff for violating sexual harassment policy even though AFW's investigation produced no evidence; denying unemployment benefits to Plaintiff although he was terminated through no fault of his own.

22.  AFW's actions toward Plaintiff were done knowingly and intentionally or with reckless disregard of his rights.

23.  AFW's conduct discriminated against Plaintiff based on race in violation of Title VII.

24.  As a direct and proximate result of AFW's actions, Plaintiff has suffered damages including lost wages and benefits, diminished reputation and other pecuniary losses, and emotional pain and suffering, mental anguish, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

## SECOND CLAIM FOR RELIEF
(Wrongful Termination)

25. The foregoing allegations are realleged and incorporated by reference.

26. Plaintiff was fired without justifiable cause.

27. Plaintiff was fired even though allegations made against him were investigated and found baseless.

28. Caucasian managers who were found to have engaged in inappropriate conduct to include viewing sexually explicit material and sexual harassment were not fired.

29. Plaintiff was treated less favorably than Caucasian managers.

30. Plaintiff was treated less favorably because of his race.

31. As a direct and proximate result of the wrongful termination, Plaintiff has suffered and continues to suffer a loss of wages and benefits, loss of a job, emotional distress, inconvenience, mental anguish, loss of enjoyment of life and other consequential damages.

## THIRD CLAIM FOR RELIEF
(Negligent Infliction of Emotional Distress)

32. The foregoing allegations are realleged and incorporated herein by reference.

33. AFW fired Plaintiff without regard to the fact that allegations against him were unfounded.

34. This conduct was negligent.

35. Plaintiff suffered severe emotional distress.

36. AFW's conduct was the direct and proximate cause of Plaintiff's emotional distress.

37. As a direct and proximate result of AFW's negligent infliction of emotional distress Plaintiff suffered and continues to suffer damages equal to his loss of wages and benefits, emotional distress, and mental anguish.

## FOURTH CLAIM FOR RELIEF
(Intentional Infliction of Emotional Distress)

38. The foregoing allegations are realleged and incorporated herein by reference.

39. AFW fired Plaintiff without cause and denied him unemployment benefits.

40. Plaintiff became unemployed through no fault of his own.

41. AFW's denial of unemployment benefits was intentional even though he was rightfully entitled to receive unemployment benefits.

42. AFW's denial of unemployment benefits was extreme and outrageous.

43. AFW denied unemployment benefits was reckless and without regard to the effect upon Plaintiff.

44. The denial of unemployment benefits to which Plaintiff was rightfully entitled caused Plaintiff severe emotional distress.

45. As the direct and proximate result of AFW's conduct Plaintiff suffered severe emotional distress, loss of wages and benefits, mental anguish, inconvenience, loss of enjoyment and consequential damages.

## DEMAND FOR JUDGMENT

WHEREFORE, Plaintiff Steven C. Harris by and through Counsel respectfully requests that this Court enter judgment in his favor and against Defendant AFW and order the following relief as allowed by law:

    A. Compensatory damages, including but not limited to those for emotional distress, inconvenience, mental anguish, and loss of enjoyment of life;

B.  Lost wages and benefits;

C.  Punitive damages;

D.  Attorney fees and costs of the action, including any expert witness fees, as appropriate;

E.  Pre-judgment and post-judgment interest at the highest lawful rate; and

F.  Such further relief as justice allows.

## **PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully submitted April 20, 2021.

By: THE LAW FIRM OF BERYL A. WILLIAMS, LLC

/s/Beryl A. Williams
Beryl A. Williams
13918 E. Mississippi Ave., Ste 460
Aurora, CO 80012
Telephone: 720-261-4404
E-mail: williamsberyl@aol.com

ATTORNEY FOR PLAINTIFF

Plaintiff's Address:
12290 E. 54th Ave. Dr
Denver, CO 80239