IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01088-KLM

STEVEN C. HARRIS,

    Plaintiff,

v.

AMERICAN FURNITURE WAREHOUSE COMPANY,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion for Summary Judgment** [#32] (the "Motion"). Despite being represented by counsel, Plaintiff filed no Response,[1] and the time in which to do so has elapsed. *See* D.C.COLO.LCivR 7.1(d). The Court has reviewed the Motion, the entire case file, and the applicable law, and is sufficiently advised in the premises.[2] For the reasons set forth below, the Motion [#32] is **GRANTED**.

**I. Background**

The following facts are undisputed. *See Motion* [#32] at 2-5. Plaintiff was a manager in Defendant's pulling department from 2005 until his employment was terminated in 2020. *Depo. of Pl.* [#32-1] at 9:9-25. As a supervisor, Plaintiff was responsible for understanding company policies and ensuring employees followed

---

[1] This similarly occurred in connection with Defendant's Partial Motion to Dismiss [#26]. No Response was filed, the Court sua sponte extended the deadline, and Plaintiff's counsel filed a Notice [#30] that no Response would be filed.

[2] This case has been referred to the undersigned for all purposes pursuant to D.C.COLO.LCivR 40.1(c) and 28 U.S.C. § 636(c), on consent of the parties. *See* [#22-1, #24].

company policies.  *Id.* at 13:10-17, 18:5-13.  Plaintiff received training on Defendant's policy prohibiting sexual harassment and understood it was his responsibility to ensure employees followed the policy.  *Id.* at 14:18-16:3; *Ex. 3 to Depo.* [#32-2].  Plaintiff received twenty disciplinary actions during his employment with Defendant.  *Pl.'s Discovery Responses* [#32-3] at 2.  Plaintiff was advised on an unspecified date that any further violation of [Defendant's] policies or procedures could result in his termination.  *Id.*

Art Valdez ("Valdez"), one of Defendant's employees who reported to Plaintiff, complained that Plaintiff was assigning preferred schedules to employees in exchange for sending Plaintiff pornographic material.  *Depo. of Pl.* [#32-1] at 38:13-39:4, 39:24-40:3, 41:1-12.  Plaintiff asserted that he does not know why Mr. Valdez made a complaint about him but assumes the complaint was motivated by jealousy.  *Id.* at 42:4-18.  Plaintiff admits that Oscar Diaz ("Diaz"), an employee who reported to him, sent Plaintiff a video with sexually explicit content.  *Pl.'s Discovery Responses* [#32-3] at 3.  Plaintiff did not report Mr. Diaz for sending a video with sexually explicit content but acknowledged that Defendant would have considered Mr. Diaz's actions to be a violation of company policy. *Depo. of Pl.* [#32-1] at 33:8-35:25.  During Defendant's investigation into the complaint against Plaintiff, several employees who reported to Plaintiff stated that sharing sexually explicit content was commonplace in Plaintiff's department.  *Decl. of Rebecca Galbraith* [#32-4] ¶¶ 5-6; *Ex. 8 to Depo.* [#32-5].  During the investigation, Mr. Diaz showed Defendant a text message exchange he had with Plaintiff in which Mr. Diaz sent an Instagram picture of a young woman in response to Plaintiff's message: "What's up young man.  How come you haven't sent me anything yet?"  *Depo. of Pl.* [#32-1] at 55:1-56:16; *Decl. of Galbraith* [#32-4] ¶ 6; *Ex. 8 to Depo.* [#32-5].  Plaintiff admits that the text

message exchange that Mr. Diaz shared with Defendant could be interpreted as him soliciting images of young women.  *Depo. of Pl.* [#32-1] at 58:15-59:9.  There was no reference to Plaintiff's race when he was terminated on March 26, 2020.  *Id.* at 68:5-7; *Decl. of Galbraith* [#32-4] ¶ 10.  Plaintiff has no reason to think that Defendant's Human Resources Director Rebecca Galbraith ("Galbraith") or Human Resources Generalist Mike Rangel ("Rangel") have any racial bias.  *Depo. of Pl.* [#32-1] at 59:20-60:8-23.

The only episode Plaintiff identifies to support his allegation that he was subjected to less favorable terms and conditions of employment based on his race is an alleged interaction with Dirk Kight ("Kight"), a former warehouse manager for Defendant at the location where Plaintiff worked.  *Pl.'s Discovery Responses* [#32-3] at 4.  However, Mr. Kight was not Plaintiff's supervisor in 2020 or involved in the decision to terminate Plaintiff.  *Decl. of Galbraith* [#32-4] ¶¶ 12-13.  Plaintiff never heard Mr. Kight use a racial slur or make a racially insensitive remark or comment to him or others.  *Depo. of Pl.* [#32-3] at 24:11-25:11.  According to Plaintiff, other employees felt Mr. Kight treated them unfairly regardless of their race.  *Id.* at 26:10-27:23.

Mr. Kight is the only individual Plaintiff identified in discovery to support his assertion that "Caucasian managers who were found to have engaged in viewing sexually explicit material and other inappropriate conduct in the workplace were either transferred and later promoted or allowed to resign."  *Depo. of Pl.* [#32-1] at 82:23 – 83:8 and 86:3-8; *Pl.'s Discovery Responses* [#32-3] at 5.  Plaintiff asserts that Mr. Kight was reported to Defendant's Human Resources for making an inappropriate remark about an employee's wife and was then transferred.  *Pl.'s Discovery Responses* [#32-3] at 5.  Plaintiff did not personally hear Mr. Kight make the alleged inappropriate remark and did not personally

3

report Mr. Kight for making the alleged inappropriate remark. *Depo. of Pl.* [#32-1] at 83:17-25, 84:1-14. Defendant does not have any record of a complaint against Mr. Kight for making an inappropriate remark about an employee's wife. *Decl. of Galbraith* [#32-4] ¶ 11. Defendant did not transfer or reassign Mr. Kight to another location in response to any complaint made against him. *Id.* ¶ 12.

On November 19, 2021, the Court dismissed Plaintiff's three state law claims. *Order* [#31]. Thus, his only remaining claim is for racial discrimination in violation of Title VII based on his termination from his job in 2020. *See Compl.* [#2] ¶¶ 20-24. In the present Motion [#32], Defendant seeks entry of summary judgment in its favor on this claim.

## II. Standard of Review

The purpose of a motion for summary judgment pursuant to Fed. R. Civ. P. 56 is to assess whether trial is necessary. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Pursuant to Fed. R. Civ. P. 56(a), summary judgment should be entered if the pleadings, the discovery, any affidavits, and disclosures on file show "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." An issue is genuine if the evidence is such that a reasonable jury could resolve the issue in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the case under the governing substantive law. *Id.*

The burden is on the movant to show the absence of a genuine issue of material fact. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323). When the movant does not bear the ultimate burden of persuasion at

4

trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id.* at 671.  If the movant carries the initial burden of making a prima facie showing of a lack of evidence, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of his claim such that a reasonable jury could find in his favor.  *See Anderson*, 477 U.S. at 248. The nonmovant must go beyond the allegations and denials of his pleadings and provide admissible evidence, which the Court views in the light most favorable to him.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995) (citing *Celotex*, 477 U.S. at 324).  Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence.  *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). The nonmoving party's evidence must be more than "mere reargument of [his] case or a denial of an opponent's allegation" or it will be disregarded.  *See* 10B Charles Alan Wright et al., *Federal Practice and Procedure* § 2738 (4th ed. 2017).  *See also Boyz Sanitation Serv., Inc. v. City of Rawlins, Wyo.*, 889 F.3d 1189, 1195 (10th Cir. 2018) ("Where, as here, we are presented with cross-motions for summary judgment, we must view each motion separately, in the light most favorable to the non-moving party, and draw all reasonable inferences in that party's favor."); *Christian Heritage Acad. v. Okla. Secondary Sch. Activities Ass'n*, 483 F.3d 1025, 1030 (10th Cir. 2007) ("Cross motions for summary judgment are to be treated separately; the denial of one does not require the grant of another.").

Only documents that meet the evidentiary requirements of Fed. R. Civ. P. 56 may be considered for purposes of summary judgment. Rule 56(c) provides that:

> (1) A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>     (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]
> . . .
> (3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.
> (4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c)(1)-(4). *See also Jacklovich v. Simmons*, 392 F.3d 420, 425 (10th Cir. 2004) ("On cross-motions for summary judgment, . . . we must view the inferences to be drawn from affidavits, attached exhibits and depositions in the light most favorable to the party that did not prevail.").

### III.  Analysis

Given the undisputed facts, Plaintiff's claim of unlawful racial discrimination appears to rely on circumstantial evidence. Thus, the *McDonnell Douglas* three-step framework is applied. *Ibrahim v. All. For Sustainable Energy, LLC*, 994 F.3d 1193, 1196 (10th Cir. 2021) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). Under this framework, the plaintiff must present a prima facie case of discrimination. *Ibrahim*, 994 F.3d at 1196. If he does so, then the burden shifts to the defendant to provide a legitimate, nondiscriminatory reason for the firing. *Id.* If it does so, then the burden shifts back to the plaintiff to show that the reason is pretextual. *Id.*

Defendant first argues that Plaintiff fails to establish a prima facie case of discrimination.  *Motion* [#32] at 7.  To establish a prima facie case of discrimination, Plaintiff must provide "evidence that 1. he belongs to a protected class, 2. he suffered an adverse employment action, and 3. the circumstances give rise to an inference of discrimination."  *Ibrahim*, 994 F.3d at 1196.  Defendant does not dispute that Plaintiff meets the first element, as a black man, and the evidence shows that Plaintiff suffered an adverse employment action as he was fired from his job.  Thus, the Court turns directly to the third element.

"An inference of discrimination can arise from an employer's favoritism toward a similarly situated employee who is not part of the protected class."  *Id.*  "Employees are similarly situated when they share a supervisor or decision-maker, must follow the same standards, and engage in comparable conduct."  *Id.*  The Court finds that the undisputed facts show that the circumstances surrounding Plaintiff's termination do not give rise to an inference of discrimination.  In short, Plaintiff was terminated following an investigation into a complaint that he assigned preferred schedules to employees in exchange for sending him pornographic material.  There is no reasonable basis to infer that any of Defendant's employees involved were motivated by racial animus.

The complaint against Plaintiff was made by Mr. Valdez, who reported directly to Plaintiff.  During his deposition, Plaintiff testified that he does not know why Mr. Valdez made a complaint about him, but his initial assumption was that the complaint was motivated by jealousy, not racial animus.  Although Plaintiff eventually responded to additional questioning that Mr. Valdez's complaint may have been based on race, he could not provide any justification for his response.  When pressed why he thought race

may have played a part in Mr. Valdez's complaint, Plaintiff only speculated that race played a part because he had no other explanation beyond jealousy. However, "[t]o defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise." *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

Mr. Valdez's complaint was investigated by two employees in Defendant's Human Resources department: Ms. Galbraith and Mr. Rangel. Plaintiff testified that he has no reason to believe either one is racially biased. One of the employees who was questioned during the investigation and who stated that employees commonly shared pornographic material, Trevon Baldwin ("Baldwin"), is also a black man, and Defendant's decision to terminate Plaintiff was based, in part, on Mr. Baldwin's statements. *Ex. 1* [#32-1] at 68:8-70:3; *Ex. 4* [#32-4] ¶¶ 6, 9; *Ex. 5* [#32-5].

As noted in the Background, Plaintiff did refer to one alleged incident involving Mr. Kight, a warehouse manager. *Ex. 3* [#32-3] at 4. However, Mr. Kight did not supervise Plaintiff in 2020 and was not involved in the decision to terminate him. *Ex. 4* [#32-4] ¶¶ 11-13. In 2019, Mr. Kight applied for and received a transfer to one of Defendant's locations in Texas and worked there at all times relevant to this matter. *Id.* In addition, Plaintiff's deposition testimony flatly contradicts the allegation that Mr. Kight was racially biased, given that Plaintiff never heard Mr. Kight use a racial slur or make a racially inappropriate comment, and the employees who Mr. Kight supervised thought he treated them unfairly regardless of their race. *Ex. 1* [#32-1] at 24:11-27:23. Thus, even if Plaintiff was somehow treated unfairly by his former manager, there is no evidence that Mr. Kight was involved in the decision to terminate Plaintiff from his job or that Mr. Kight exhibited

any racial bias. Thus, this incident cannot support an inference that Plaintiff's termination was discriminatory.

In short, there is no evidence that Defendant discriminated against Plaintiff on the basis of race. The undisputed facts show Plaintiff's claim of discrimination is based solely on conjecture. Because there is no genuine issue of material fact that the employee who complained about Plaintiff, the Human Resources representatives who investigated the complaint, or the employees interviewed were motivated by racial animus, the Court finds that Plaintiff has failed to establish a prima facie case of racial discrimination. Entry of summary judgment is therefore appropriate in favor of Defendant.[3]

## IV. Conclusion

IT IS HEREBY **ORDERED** that the Motion [#32] is **GRANTED**, that judgment shall **ENTER** in favor of Defendant on Plaintiff's sole remaining claim of racial discrimination, and that the Clerk of Court shall **CLOSE** this case after entering Final Judgment.

Dated: July 26, 2022

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge

---

[3] The Court notes that, in the alternative, Defendant has provided a legitimate, non-discriminatory reason for firing Plaintiff, i.e., Plaintiff's failure to abide by and enforce company policies, including but not limited to Defendant's anti-harassment policy in connection with the exchange of sexually explicit content. *See Motion* [#32] at 13. Plaintiff has failed to come forth with evidence to show that this reason was pretextual. *See id.* at 14. Thus, entry of summary judgment in favor of Defendant is appropriate on this basis as well.