IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01088-KLM

STEVEN C. HARRIS,

    Plaintiff,

v.

AMERICAN FURNITURE WAREHOUSE COMPANY,

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion for Award of Costs and Attorneys' Fees Pursuant to Federal Rule 54** [#35] (the "Motion"). Plaintiff filed a Response [#40] and an Amended Response [#41] in opposition to the Motion [#35], and Defendant filed a Reply [#44]. The Court has reviewed the briefs, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#35] is **DENIED in part** as to attorneys' fees and **DENIED as moot in part** as to costs.

**I. Background**

Plaintiff filed this action on April 20, 2021. *See Compl.* [#2]. On July 13, 2021, Plaintiff filed an Amended Complaint [#21], asserting four claims against Defendant relating to termination of his employment by Defendant in March 2020: (1) racial discrimination in violation of Title VII of the Civil Rights Act of 1964; (2) wrongful

–1–

termination; (3) negligent infliction of emotional distress; and (4) intentional infliction of emotional distress.

On July 23, 2021, Defendant filed a Motion to Dismiss State Law Claims Pursuant to Rule 12(b)(6) [#26] (the "Motion to Dismiss").  Because Plaintiff failed to file a Response to the Motion to Dismiss [#26], the Court ordered Plaintiff to file either a Response to the Motion to Dismiss [#26] or a notice stating that he did not intend to file a Response. *Minute Order* [#29].  On October 12, 2021, Plaintiff filed a Notice of Intent [#30] stating that he did not intend to file a Response.  On November 19, 2021, the Court dismissed three of the four claims with prejudice.  *Order* [#31].  At the same time, the Court warned Plaintiff that failure to respond to or concede any future motion filed by Defendant would subject Plaintiff to the imposition of sanctions.  *Id.*

On January 28, 2022, Defendant filed a Motion for Summary Judgment [#32] on the sole remaining claim.  Plaintiff again did not file a Response.  On July 26, 2022, the Court granted Defendant's Motion for Summary Judgment and entered Final Judgment [#34] in favor of Defendant.  *Order* [#33].  On August 9, 2022, Defendant filed the present Motion [#35].  In its Motion [#35], Defendant seeks both costs and reasonable attorneys' fees.  *Motion* [#35] at 3-4, 7-8.  At a costs hearing held on September 1, 2022, the Clerk of Court awarded costs to Defendant. The costs part of the Motion [#35] is therefore moot.

## II.  Analysis

Pursuant to Fed. R. Civ. P. 54(d)(2), a prevailing party may move for an award of attorneys' fees.  Reasonable attorneys' fees may be awarded to a prevailing defendant in a Title VII lawsuit where the suit is found to be unreasonable, frivolous, or without

–2–

foundation. *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 421 (1978). "Based on the history of this litigation, [Defendant] requests an award of its reasonable attorneys' fees to be assessed against Plaintiff's attorney." *Motion* [#35] at 7. However, for the reasons stated below, the Court finds that Defendant has not shown that fees should be awarded against opposing counsel.

In the Motion [#35], Defendant discusses both federal and state law in support of its fee request. In the Reply [#44], Defendant states that "[t]he Colorado standard for an award of fees was cited in the event this Court determines that state law governs the issue of whether to award fees for Plaintiff's three state law claims." *Reply* [#44] at 3. Pursuant to Colo. Rev. Stat. § 13-17-102(4):

> The court shall assess attorney fees if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct[.] . . . As used in this article, "lacked substantial justification" means substantially frivolous, substantially groundless, or substantially vexatious.

Proceeding under the assumption that Colorado law applies, "to be awarded attorneys' fees and costs under Colo. Rev. Stat. § 13-17-102, a party must comply with the safe-harbor provision provided in Rule 11(c)(2)." *Williams v. Denmar LLC*, No. 21-cv-01431-DDD-NRN, 2022 WL 15517045, at *5 (D. Colo. Oct. 27, 2022) (citing *Dowling v. Gen. Motors LLC*, 333 F.R.D. 534, 538 (D. Colo. 2019) (holding that Colorado courts have "consistently found that [the] safe-harbor provision [of Rule 11] preempts C.R.S. § 13-17-102 and that therefore, failure to comply with the safe-harbor provision bars a motion for attorney's fees pursuant to C.R.S. § 13-17-102")). Although fees may be awarded against

an attorney under this state statute, again assuming that it applies, Defendant has not cited Rule 11(c) in either its Motion [#35] or its Reply [#44], nor has Defendant demonstrated to the Court that it has complied with the requirements of the Rule. Thus, Defendant may not obtain attorneys' fees from opposing counsel pursuant to Colo. Rev. Stat. § 13-17-102.

Next, Defendant cites *Christiansburg Garment Company v. Equal Employment Opportunity Commission*, 434 U.S. 412, 421 (1978), and *Ryan v. Hatfield*, 578 F.2d 275, 277 (10th Cir. 1978), for the proposition that "[f]ees should be assessed against [Plaintiff's] attorney for her conduct in filing and maintaining a frivolous and vexatious action." *Motion* [#35] at 7. However, neither of these cases addresses the appropriateness of obtaining fees from opposing counsel, as opposed to the general proposition that fees may be obtained from the opposing party in appropriate circumstances.

Next, Defendant cites *Gray v. Millea*, 892 F. Supp. 432, 437 (N.D.N.Y. 1995), for the proposition that "[s]anctions for filing or maintaining a frivolous or vexatious action are more appropriately assessed against a party's attorney." *Motion* [#35] at 3. However, that statement was made in the context of the *Gray* court's analysis of a motion for sanctions under Rule 11. As stated above, Defendant has not cited Rule 11 and does not base its fees request on that Federal Rule of Civil Procedure. *See generally Motion* [#35]; *Reply* [#44].

Defendant has not directed the Court's attention to any case in which fees have been awarded to a prevailing Defendant from opposing counsel under circumstances

germane to the present Title VII litigation.  In short, Defendant has not provided legal authority demonstrating that the Court may award attorneys' fees against opposing counsel in a Title VII case, and the Court has found no authority clearly permitting such an award.

In its Motion [#35], Defendant explicitly requests fees from Plaintiff's counsel. *Motion* [#35] at 7.  However, Defendant further notes:

> Defendant cannot discount the possibility that [Plaintiff] himself may bear some responsibility for filing and maintaining this frivolous action.  The substance of [Plaintiff's] deposition testimony, cited in [Defendant's] Motion for Summary Judgment [Dkt. No. 32], shows he himself had no legitimate reason to suspect [Defendant] discriminated against him. [Defendant] does not take the position that this alone justifies imposing sanctions against [Plaintiff] personally, particularly since his attorney should have assessed the merits of his claims.  However, [Defendant] reserves its right to argue that an award of fees and costs should be assessed against opposing counsel as well as [Plaintiff] in the event opposing counsel responds with additional, relevant information.

*Id.* at 8.

In its Reply [#44], Defendant did not expand its original request seeking fees from Plaintiff's counsel to also seek fees from Plaintiff himself.  Rather, Defendant confirms that the Motion [#35] "requested an award of fees to be assessed against Plaintiff's counsel" and proceeds with its analysis from that position.  *Reply* [#44] at 1; *see also id.* at 3 ("Nor are [Plaintiff's] finances relevant to the amount of fees to be assessed since [Defendant] requests an award of fees against Plaintiff's counsel."), 7 ("Now that [Defendant] seeks an award against her directly, Plaintiff's attorney wants a second bite at that apple.").  Thus, it is clear that Defendant is not seeking fees from Plaintiff himself.

The litigation of Plaintiff's side of this case has been, in a word, abysmal.  For

–5–

example, no Responses were filed to either Defendant's Motion to Dismiss [#26] or its Motion for Summary Judgment [#32]. Defendant notes in the present Motion [#35] that Plaintiff attempted to conduct no discovery whatsoever until untimely serving written discovery requests on Defendant two days before the close of discovery. Based on the briefs and the entire record of this case, the Court notes, without so holding, that it appears that some or all of this conduct may be the result of lack of an adequate – or indeed frivolous – factual and legal foundation (at least for some claims), possible neglect by Plaintiff's counsel, and Plaintiff's shoestring litigation budget. Nevertheless, in the absence of legal authority demonstrating that the Court may award fees to Defendant from Plaintiff's counsel, the Court finds that the Motion [#35] must be denied.

### III.  Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Motion [#35] is **DENIED in part** as to attorneys' fees and **DENIED in part as moot** as to costs.

Dated: March 15, 2023

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge